**Esther PANLILIO, Plaintiff-Appellant,**

v.

**DALLAS INDEPENDENT SCHOOL DISTRICT, Defendant-Appellee.**

**No. 80–1117**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Unit A

Sept. 17, 1980.

Rehearing and Rehearing En Banc Denied Oct. 14, 1980.

Rehearing Granted Oct. 30, 1980.

Steven B. Thorpe, Dallas, Tex., for plaintiff-appellant.

Smith, Smith, Dunlap & Canterbury, Bowen L. Florsheim, Dallas, Tex., for defendant-appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment in favor of the Dallas Independent School District (DISD) in a Title VII case. At the trial the Appellant unsuccessfully asserted discrimination in hiring due to her Filipino origin. The District Court found that Panlilio's national origin was not the reason she was not hired as a teacher by the DISD. Rather, it was "the negative recommendations given to her by two Catholic Sisters [principals of the two parochial schools where she previously had taught], representing separately stated views based on virtually all of Ms. Panlilio's teaching experience in the Dallas community."

In so holding, the District Court credited the testimony of the Assistant Director of Personnel for the DISD on this question. We do not find the District Court's conclusion that national origin was not the reason that Panlilio was denied employment to be clearly erroneous. Nor do we find clearly erroneous the District Court's conclusion that these negative recommendations were the true reason Panlilio was not hired. There was substantial evidence in the record to support both of these conclusions. *See Burdine v. Texas Department of Community Affairs*, 608 F.2d 563, 566 (5th Cir. 1979).

In the alternative, Panlilio asserts employment discrimination in that she was not even considered for employment before she received her Texas Teacher's Certificate. The record clearly shows that a certificate was one of the minimum requirements for employment with the DISD. Although the DISD could acquire emergency certificates for noncertified teachers in order to hire them, and did so in some instances, this only could be done when the noncertified teacher had some special, needed qualification and there was not a certified teacher with the same qualification available. Panlilio had no such qualifications.

Likewise, the DISD may, and sometimes does, hire college seniors before they gradu-ate and become certified, to begin work the next fall. But letters from their colleges guaranteeing that they will become certified is required. Panlilio did not fall within this category either.

Thus on the acceptable findings of the District Court Panlilio was not discriminated against because the DISD did not obtain an emergency certificate for her or hire her before she was certified. Nor did the DISD discriminate against her at any time because she was Filipino.

AFFIRMED.

## ON REHEARING

BY THE COURT;

The petition for rehearing is granted to permit oral argument; the opinion is withdrawn; the cause is reclassified for oral argument for routine calendaring by the Clerk.